IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BABB REAL ESTATE LLC,

                      Plaintiff,                      ORDER

v.

                                              10-cv-119-wmc

SHELAINE BENNETT and JAMES OLSTAD,

                      Defendants.

---

This week, the United States Court of Appeals for the Seventh Circuit issued an opinion (1) vacating a district court's certification of a class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and (2) remanding with directions that the court rigorously evaluate class counsel's misconduct in light of its implications on their adequacy, trustworthiness and loyalty pursuant to Federal Rule of Civil Procedure 23(a)(4) and (g). *See Creative Montessori Learning Centers v. Ashford Gear LLC*, No. 11-8020 (7th Cir. Nov. 22, 2011). The law firms representing the class in *Creative Montessori* are the very same firms this court appointed as class counsel in the present lawsuit. (*Compare* July 29, 2011 Order (dkt. #38) (granting class certification and appointing counsel from the law firms Bock & Hatch and Anderson & Wanca as class counsel), *with Creative Montessori Learning Center v. Ashford Gear LLC*, No. 09-cv-3963 (N.D. Ill. July 1, 2009) (listing plaintiff's counsel on the docket sheet as counsel from Anderson & Wanca and Bock & Hatch). Moreover, there are disturbing similarities in the apparent genesis of this class action lawsuit and that in *Creative Montessori*, which gave rise to the Seventh Circuit's order vacating the certification and remanding with directions. Finally, this

court relied substantially on the firms' certification in similar suits, including *Creative Montessori*, in approving class counsel in the first place. Coupled with the fact that defendants here are proceeding *pro se*, the court may not have adequately discharged its independent role of assessing proposed class counsel under Rule 23(g) and will order class counsel to show cause as to why it should not reconsider the order granting class certification.

DISCUSSION

In *Creative Montessori*, class counsel obtained the list of recipients from the "fax broadcaster (Caroline Abraham, who conducts her business under the name B2B)." *Creative Montessori*, slip op. at 5. Here, too, plaintiff's counsel "obtained [from] B2B's archived files, specific computer file documentation permitting exact identification of potential class members, transmission logs and advertisements." (Pl.'s Br. in Support of Class Cert. (dkt. #16) 2.) As described in *Creative Montessori*, class counsel asked Abraham "for transmission reports of faxes that she had sent and information on how to communicate with the intended recipients, but promised not to disclose any of this material to a third party. On the basis of this assurance of confidentiality, she turned over material that evidenced (or so it is alleged) faxes of advertisements that Ashford Gear had sent to the 14, 574 persons constituting the class." *Creative Montessori*, slip op. at 5.

The list of recipients of the Ashford Gear fax included Creative Montessori. With the list from B2B, plaintiff's counsel notified Creative Montessori that "during our investigation, we have determined that you are likely to be a member of the class. You

might not remember receiving the junk faxes, but if the lawsuit is successful, you would receive compensation (up to $1,500) for each junk fax sent. We would like to discuss this issue with you. Please call me [telephone number]." *Id.* at 6. The record here does not contain any information as to how BABB Real Estate came to retain counsel to pursue this lawsuit, but it seems quite possible, if not likely, that the manner was similar to that found troubling by the Seventh Circuit.

In vacating the grant of class certification, the Seventh Circuit identified two forms of misconduct on the part of class counsel:

> obtaining material from Abraham's [the owner of B2B] files on the basis of a promise of confidentiality that concealed the purpose of obtaining the material, a purpose inconsistent with maintaining confidentiality and likely to destroy Abraham's business; and implying in the letter to Creative Montessori that there already was a certified class to which the school belonged.

*Id.* at 6-7. To these, this court adds a third area of concern: barratry, which at best smacks of a kind of ambulance chasing that has at time caused the legal profession to be held in disrepute and at worst violates both ethical codes and criminal law.

The record in this case hints that the first concern -- how the list of fax recipients was obtained -- may be of concern in this case as well. As indicated above, the record lacks sufficient information to determine whether BABB Real Estate was solicited as the named plaintiff in an improper way. (*See* July 29, 2011 Order (dkt. #38) 6 (noting that plaintiff failed to submit an affidavit in support of the motion for class certification).) Finally, the court has insufficient information to determine whether counsel was fomenting litigation orally or in writing among individuals who felt no injury and desired

3

no remedy, or worse. *See* Model Rules of Prof'l Conduct 7.1 & 7.3; Wis. S.C.R. 20:7.3; Wis. Stat. § 757.295.

## ORDER

For all the reasons set forth above, IT IS ORDERED that on or before December 7, 2011:

1) Class counsel shall submit a brief with supporting accompanying documentary evidence, describing: (a) the manner in which plaintiff obtained the list of fax recipients of the Icicle Haus Inn advertisement from B2B; and (b) the manner in which class counsel contacted BABB Real Estate, or vice versa, to initiate the present lawsuit and to act as class counsel, as well as the substance of all communications between BABB Real Estate and class counsel which preceded actual retention, including copies of any solicitations or draft engagement letters; and

2) The named plaintiff and class representative BABB Real Estate shall also submit an affidavit or sworn declaration describing its role in initiating this lawsuit and in retaining counsel.

Entered this 23rd day of November, 2011.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge